UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TIPATECHUTI A. EL                )
also known as                    )
ANTHONY TIPATE,                  )
                                 )
            Petitioner,           )
                                 )
       v.                         )
                                 )  Civ. Action No. 14-0825 (ESH)
THOMAS FAUST *et al.*,            )
                                 )
            Respondents.          )
_____   )

## MEMORANDUM OPINION

In this action for a writ of habeas corpus, petitioner claims that the United States Parole Commission, as the authority over District of Columbia parolees and supervisees, violated the due process clause when it failed to promptly execute a violator warrant issued against him in November 2013. Petitioner alleges that as of March 19, 2014, when he signed the instant petition, the Commission had not executed the warrant even though he had been released from the "new charge" forming the basis of the warrant since February 21, 2014 (Pet. for a Writ of Habeas Corpus [Dkt. # 1] at 5.) Upon consideration of the petitioner's filings and the government's documented opposition, the Court finds no grounds for issuing the writ. Consequently, the petition will be denied.

"A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ . . . , unless it appears from the application that the applicant . . . is not entitled thereto." 28 U.S.C. § 2243. District of Columbia prisoners are entitled to habeas corpus relief under 28 U.S.C. § 2241 if they establish that their "custody is in violation of the Constitution or laws or

1

treaties of the United States." 28 U.S.C. § 2241(c)(3). A delayed hearing to comport with due process does not merit habeas relief absent a showing that the delay was "both unreasonable and prejudicial." *Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983). Even then, in most circumstances applicable here, "[t]he appropriate remedy . . . is a writ of mandamus to compel the Commission's compliance with the [parole] statute not a writ of habeas corpus to compel release on parole or to extinguish the remainder of the sentence." *Id*.

The record establishes that the Commission issued the subject violator warrant on November 13, 2013, based in part on petitioner's arrest for possession of a controlled substance and carrying a pistol without a license. (United States' Supplement to Opp'n to Pet'r's Pet. for a Writ of Habeas Corpus [Dkt. # 13], Ex. 11 (hereafter "Resp't's Ex").) The United States Marshal executed the warrant by arresting petitioner on May 28, 2014, and petitioner appeared for a probable cause hearing on May 30, 2014, at the District of Columbia Jail. (Resp't's Ex. 12, 13.) Following a revocation hearing on July 30, 2014, the Commission revoked petitioner's supervised release and ordered him to serve the remainder of time left on his sentence, 30 months, in prison. (*See* Resp't's Ex. 15, Not. of Action.)

Petitioner admits that the Commission properly lodged the warrant as a detainer while he was held on the new charge and that the warrant was executed "[f]ive days after my new charge was dismissed." (Pet'r's Response [Dkt. # 11] at 1-2, citing 28 C.F.R. § 2.100.) He contends nonetheless that his release to a halfway house on February 21, 2014, triggered the time to execute the warrant since "the CPI trial manual . . . says that halfway house is considered a condition of release and that it should serve to execute the warrant." (*Id*. at 1.) The CPI trial manual provides guidance to practicing attorneys; it is not controlling authority in matters before the Commission.

Petitioner is not entitled to habeas relief because the record establishes that he received both a timely probable cause hearing and a hearing prior to the revocation of his supervised release in accordance with the due process clause. And a petitioner who has had both hearings "is not entitled to mandamus relief." *Jones v. Wainwright*, 744 F. Supp. 2d 341, 343-44 (D.D.C. 2010) (citing *Colts v. U.S. Parole Comm'n*, 531 F.Supp.2d 8, 11 (D.D.C. 2008)) (other citations omitted). Even if the timing argument is plausible, petitioner has not asserted, let alone shown, any prejudice arising from the alleged 96-day delay between his release to a halfway house and his arrest on the violator warrant and ensuing detention at the District of Columbia Jail.

For the foregoing reasons, the petition for a writ of habeas corpus is denied. A separate Order accompanies this Memorandum Opinion.

/s/ *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

DATE: November 10, 2014